UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST AMERICAN TITLE INSURANCE | ) | No. |
| COMPANY, NITIN PATEL, AMERICAN | ) | |
| CHARTERED BANK, D&R REAL ESTATE | ) | Judge |
| HOLDINGS, LLC, DAVID J. YANG, | ) | |
| RICHARD J. MCNULTY, JR. LEISURE | ) | |
| PARTNERS, LTD., UNKNOWN OWNERS | ) | |
| and NON-RECORD CLAIMANTS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR FORECLOSURE

The United States of America by Zachary T. Fardon, United States Attorney for the Northern District of Illinois, for and on behalf of the Small Business Administration, for its complaint against the defendants First American Title Insurance Company, Nitin Patel, American Chartered Bank, D & R Real Estate Holdings, LLC, David J. Yang, Richard J. McNulty, Jr., Leisure Partners, Ltd., unknown owners, and non-record claimants states as follows:

l.      This court has jurisdiction pursuant to the provisions of 28 U.S.C. § l345. The United States is plaintiff and the property that is the subject of this action is situated within the Northern District of Illinois.

2.      Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b).

3.      The United States brings this action for foreclosure under 735 ILCS 5/15-1101, et seq.

4.      On or about October 27, 2005, D & R Real Estate Holdings, LLC (D&R Real Estate) borrowed the sum of $198,000 from the Small Business Administration (SBA). As evidence of the loan and indebtedness, D&R Real Estate made, executed, and delivered to SBA its promissory note dated October 27, 2005, in the original amount of $198,000 (Note). A copy of the Note is attached as Exhibit A.

5.      As security for repayment of the Note, D & R Real Estate granted SBA a mortgage dated October 27, 2005 to real estate located in Cook County, Illinois, commonly known as 1621 Algonquin Road, Mount Prospect, Illinois, and legally described as follows:

> THAT PART OF THE WEST 1/2 OF THE NORTHWEST 1/4 OF SECTION 23, TOWNSHIP 41 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, LYING SOUTH OF THE CENTER LINE OF ALGONQUIN ROAD BOUNDED BY A LINE DESCRIBED AS FOLLOWS: BEGINNING AT A POINT ON SAID CENTER LINE OF ALGONQUIN ROAD, 432.0 FEET SOUTHEASTERLY AS MEASURED ALONG SAID CENTER LINE OF ITS INTESECTION WITH THE WEST LINE OF THE NORTHWEST 1/4 OF SAID SECTION 23, THENCE CONTINUING SOUTHEASTERLY ALONG SAID CENTER LINE 100.0 FEET, THENCE SOUTHWESTERLY ALONG A LINE DRAWN AT RIGHT ANGLES TO SAID CENTER LINE 234.58 FEET TO A POINT ON THE CENTER LINE OF AN EASEMENT FOR DRAINAGE DITCH, THENCE NORTHWESTERLYALONG SAID CENTER LINE 102.31 FEET TO A POINT ON A LINE DRAWN AT RIGHT ANGLES TO THE CENTER LINE OF ALGONQUIN ROAD THROUGH THE PLACE OF BEGINNING, THENCE NORTHEASTERLY ALONG SAID LINE, 212.99 FEET TO THE PLACE OF BEGINNING,EXCEPTING THEREFROM THAT PART THEREOF HERETOFORE DEDICATED FOR PUBLIC ROAD, ALL IN COOK COUNTY, ILLINOIS.

Common Address:  1621 Algonquin Road, Mount Prospect, Illinois ("subject property")

PIN: 08-23-101-024-0000

The mortgage was recorded in the Office of the Recorder of Deeds of Cook County, Illinois, on

2

October 28, 2005, as Document No. 0530134098.  A copy of the mortgage is attached as Exhibit B.

6.      SBA is the owner and holder of the mortgage on the subject property.

7.      On or about June 3, 2014, D & R Real Estate Holdings, LLC, defaulted and failed to make payments of installments due under the terms of the Note, and by virtue of these defaults, the maturity of the Note has been accelerated and the entire balance of principal and interest is declared due and payable.

8.      There is now due and owing to the United States the principal sum of $143,882.60, with accrued interest in the amount of $19,003.01 as of June 1, 2016, with interest thereafter accruing at the rate of $21.55 per day and all costs and expenses of this action and such other amounts as the United States may be required to expend for the care and preservation of its collateral and its lien thereon.  A copy of the payoff figures is attached as Exhibit C.

9.      Demand for payment of the indebtedness has been made upon defendant D & R Real Estate Holdings, LLC, which has failed to make payment, and accordingly the United States brings this action for foreclosure of its mortgage against the defendant.

10.     SBA is in a first lien position with its mortgage on the subject property.  SBA's lien position on the subject property is superior to all other defendants, including but not limited to: First American Title Insurance Company, Nitin Patel, American Chartered Bank, D & R Real Estate Holdings, LLC, David J. Yang, Richard James McNulty, Jr., and Leisure Partners, LTD.

11.     A private sale of the property occurred on or about March 15, 2016.  The purchaser of the property was Nitin Patel, who obtained a title insurance policy for the property from First American Title Insurance Company and took title to the property subject to the SBA's

3

mortgage lien.

12.     In addition to the above-named defendants, there are other persons who may be interested in this action or who may have or claim some interest in the property and whose rights and interests are sought to be terminated, and whose names or interests, as of the filing of this action and the recording of a lis pendens notice are not disclosed of record within the meaning of 735 ILCS 5/15-1210, and whose claim or interest may be that of: (1) a right of homestead; (2) judgment creditor; (3) beneficiary under a trust who is not in actual possession of all or part of the subject property; or (4) a mechanic's lien claimant; and all such persons are made parties defendant to this action by the description: "NONRECORD CLAIMANTS"; but the interests of these parties, if any, are subject, inferior and subordinate to the lien of the United States' mortgage being foreclosed herein.

13.     There may be other persons who are interested in this action, who have or claim to have some right, title, interest, or lien, to or upon the mortgage, or some part of it, that the name of each of such other person is unknown to the United States and on diligent inquiry cannot be ascertained, and all such other persons are therefore made parties defendant to this action by  description of UNKNOWN OWNERS, but the interests of these parties, if any, are subject, inferior and subordinate to the lien of the United States' mortgage being foreclosed.

WHEREFORE, the United States asks:

A.     For a judgment to foreclose its mortgage, in accordance with the provisions of 735 ILCS 5/15-1101, et seq. and 28 U.S.C. § 2410 (a);

B.     That the amounts due to the United States pursuant to the note, together with all its costs, title expenses, disbursements for the care and preservation of the property, taxes, and

insurance be determined and adjudged;

      C.      That the court find and adjudge that the United States has a valid and subsisting lien upon all of the property covered by the mortgage for the amounts found to be due the United States, and prior and superior to the claims or interest, if any, of the defendants;

      D.      That the court find and adjudge that the defendants named or described and all persons claiming by, through, and under them subsequent to the commencement of this action are forever barred and foreclosed of all title, lien, claim, interest, and statutory right and equity of redemption, if any, in and to the mortgaged estate;

      E.      That unless the amount found due to the United States be paid within the period of redemption determined by the court, the property be sold to satisfy the amounts found to be due the United States;

      F.      That if no such lawful redemption is made, all of the property covered by the mortgage be sold by the United States Marshal and that out of the proceeds of sale the United States be paid the amount due on the note and mortgage, and also such moneys as the United States may expend for taxes, insurance premiums, title costs, or other necessary actions to carry out the covenants contained in the note and mortgage, together with the costs of this action, with interest on the sum due as allowed by law to the date of sale;

      G.      That the United States Marshal, in his discretion, be authorized to employ an auctioneer to conduct such sale or sales;

      H.      That SBA can bid for such mortgaged property, or any part of it, at the sale and purchase and pay for it with the indebtedness found to be due the United States, or any part of it, the indebtedness to be credited with the amount bid by SBA;

I.    That upon the sale of the mortgaged property, a Marshal's certificate of sale or deed, as applicable, be issued according to law to the purchaser at the sale;

J.    That if the amount paid to the United States from proceeds of the foreclosure sale is insufficient to pay in full the sums due the United States under the judgment order, then a judgment be entered against defendant D & R Real Estate Holdings, LLC, for the amount of the deficiency;

K.    That the court find that any and all rights of redemption of the owner(s) of redemption have been waived in accordance with 735 ILCS 5/15-1603;

L.    That the court find that the period of redemption of the owner(s) of redemption, shall be reduced in accordance with 735 ILCS 5/15-1603;

M.    That the defendants be enjoined from committing waste upon the premises or doing any other act that may impair the value of it at any time during the pendency of these proceedings;

N.    That the United States may have such other and further relief as may be equitable and just, including declaratory and injunctive relief;

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Kate R. O'Loughlin
    KATE R. O'LOUGHLIN
    Special Assistant United States Attorney
    500 W. Madison St., # 1150
    Chicago, Illinois 60661
    (312) 353-9089
    kate.oloughlin@sba.gov