UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 16 CV 07008 |
| ) | Hon. Marvin E. Aspen |
| FIRST AMERICAN TITLE INSURANCE ) | |
| COMPANY, ET AL. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Presently before us is Defendant Nitin Patel's motion to dismiss the United States' amended complaint or, in the alternative, to stay the proceedings in this action. (Dkt. No. 12.) For the reasons set forth below, we deny Patel's motion.

## BACKGROUND

At the motion to dismiss stage, we accept all well-pleaded factual allegations as true, and draw all inferences in the plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011). On October 27, 2005, Defendant D&R Real Estate Holdings, LLC ("D&R") borrowed $198,000 from the Small Business Administration ("SBA").[1] (Am. Compl. ¶ 4.) On that same day, D&R "made, executed, and delivered to SBA its promissory note . . . in the original amount of $198,000." (*Id.*) As security, D&R granted the SBA a mortgage to real estate at 1621 Algonquin Road, Mount Prospect, Illinois ("the property"). (*Id.* ¶ 5.) That mortgage was recorded on October 28, 2005. (*Id.*)

The SBA alleges that, in June 2014, D&R defaulted on its loan and, "by virtue of these defaults, the maturity of the Note has been accelerated and the entire balance of principal and

---

[1] The SBA is United States government agency created to "aid, counsel, assist, and protect, insofar as is possible, the interest of small-business concerns in order to preserve free competitive enterprise." Small Business Act, 15 U.S.C. § 631(a) (2012).

interest is declared due and payable." (*Id.* ¶ 7.) Thus, as of June 1, 2016, the SBA alleges D&R owed $162,885, with interest still accruing daily. (*Id.* ¶ 8.)

In September 2005, D&R granted a mortgage on the same property to American Chartered Bank. (Dkt. No. 12–1 at Pg. ID#: 68–80.) D&R defaulted on its loan payments to American Chartered Bank, which instituted a foreclosure action in Illinois state court in June 2014. (Def.'s Mtn. (Dkt. No. 12) ¶ 2; *see* Dkt. No. 12–1 at Pg. ID#: 49–64 (American Chartered Bank's complaint).) American Chartered Bank joined the SBA, as a junior mortgage holder, in that action. (Dkt. No. 12–1 at Pg. ID#: 49–50;) Pl.'s Resp. (Dkt. No. 15) at 1.) The SBA brought a counterclaim seeking to foreclose its junior mortgage. (Dkt. No. 12–2.) On June 23, 2015, the Illinois state court entered a judgment of foreclosure and sale. (Dkt. No. 12–3.) However, no judicial sale occurred; instead, the property was sold privately to Defendant Patel on March 15, 2016. (Dkt. No. 12–5 at Pg. ID#: 352; Am. Compl. ¶ 11.) American Chartered Bank placed the proceeds from the sale in an escrow fund. (Dkt. No. 12–5 at Pg. ID#: 148–49; Def.'s Mtn. ¶ 5.) The SBA alleges Patel "took title to the property subject to the SBA's mortgage lien." (Am. Compl. ¶ 11.)

On April 21, 2016, American Chartered Bank filed a motion to determine disbursement of the funds from that private sale, because the SBA and American Chartered Bank dispute the amount of proceeds the government should receive from that sale. (Dkt. No. 12–5 at Pg. ID#: 148–55.) That motion is still pending before the Illinois state court. (Def.'s Mtn. ¶ 6.) On July 6, 2016, the SBA instituted this foreclosure action, claiming its "lien position on the subject property is superior to all other defendants." (Am. Compl. ¶ 10.) Patel filed the instant motion to dismiss or, in the alternative, stay this action on October 6, 2016. (Dkt. No. 12.)

**LEGAL STANDARD**

Patel moves to dismiss the SBA's claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of the motion to dismiss is to test the sufficiency of the complaint, not decide the merits." *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (internal quotation marks omitted) (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989)). To survive a Rule 12(b)(6) motion to dismiss, a complaint need only contain enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 556 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)) (internal quotation marks omitted). A complaint "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In the alternative, Patel argues that, pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 86 S. Ct. 1236 (1976) and Federal Rule of Procedure 12(b)(1), we must dismiss or stay the SBA's foreclosure action pending resolution of the motion to determine disbursement of the funds from the private sale of the property that is currently pending in Illinois state court. Abstention pursuant to *Colorado River* is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Id.* at 813, 96 S. Ct. at 1236. In deciding whether to stay proceedings pursuant to *Colorado River*, we first "determine whether 'the concurrent state and federal actions are actually parallel.'" *Tyrer v. City of South Beloit, Ill.*, 456 F.3d 744, 751 (7th Cir. 2006) (quoting *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004)). "If there is any doubt that cases are

3

parallel, a district court should not abstain." *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011). If we determine the cases are actually parallel, we must then "consider a number of non-exclusive factors that might demonstrate the existence of exceptional circumstances." *Tyrer*, 456 F.3d at 751 (internal quotation marks omitted) (quoting *Clark*, 376 F.3d at 685). Abstention is warranted only if we determine both of these requirements have been met.

## ANALYSIS

### I. Collateral Estoppel

Patel moves to dismiss SBA's action based on both collateral and judicial estoppel. Patel argues that collateral estoppel bars the SBA's action because it "elected to allow the private sale [of the property] to proceed and did not object in the Cook County case to that procedure." (Def.'s Mtn. ¶ 20.) Patel thus argues that the "Cook County Court's order approving the private sale precluded a foreclosure on the property acquired by Mr. Patel." (*Id.*) The SBA argues in response that collateral estoppel cannot apply here, because there was no final judgment in the Illinois state court foreclosure case. (Pl.'s Resp. at 3–4.) While there was a foreclosure judgment in the Illinois state court case, the SBA argues that the "final order in a mortgage foreclosure case is a sale confirmation order," which will not be entered because of the intervening private sale to Patel. (*Id.* at 4.)

Collateral estoppel "generally bars relitigation of issues that were litigated fully and decided with finality in a previous proceeding." *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1020 (7th Cir. 2006) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S. Ct. 2424, 2428 (1981); *Lee v. City of Peoria*, 685 F.2d 196, 199–202 (7th Cir. 1982)). "Federal courts give preclusive effect to state court judgments to the extent provided by state law." *Burke v. Johnson*, 452 F.3d 665, 669 (7th Cir. 2006)

(citing 28 U.S.C. § 1738; *Allen v. McCurry*, 449 U.S. 90, 95–96, 101 S. Ct. 411, 415–16 (1980)). In Illinois, the application of collateral estoppel requires at least that "(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Gumma v. White*, 833 N.E.2d 834, 843, 216 Ill. 2d 23, 28 (Ill. 2005) (citations omitted).

In Illinois, "it is the order confirming the sale, rather than the judgment of foreclosure, that operates as the final and appealable order in a foreclosure case." *EMC Mortg. Corp. v. Kemp*, 2012 IL 113419 ¶ 11, 982 N.E.2d 152, 154 (Ill. 2012) (citations omitted). The judgment of foreclosure in the Illinois state court case concerning the property provided that American Chartered Bank could elect to sell the property either "via private sale" or via the judicial sale as outlined by 735 ILCS 5/15–1507. (Def.'s Mtn, Ex. 3 at Pg. ID#: 131–32.) American Chartered Bank elected to sell the property privately to Patel. The state court granted American Chartered Bank's motion to approve the private sale in a December 10, 2015 order. (Def.'s Mtn., Ex. 5 at Pg. ID#: 352.) Because the property was sold privately, rather than at a judicial sale, the state court did not enter an order confirming the sale pursuant to 735 ILCS 5/15–1508.

Patel argues that the Illinois state court need not have entered a sale confirmation order to render the judgment of foreclosure final, because 735 ILCS 5/15–1508, which governs judicial confirmation of sale, "is not triggered in instances where the confirmation process was eliminated by private sale." (Pl.'s Resp. at 1–2 (citing *Household Bank FSB v. Jewel Lewis*, 890 N.E.2d 934, 937–38 229 Ill. 2d 173, 179).) However, that 735 ILCS 5/15–1508 is not "triggered" because there was a private sale is irrelevant. The Illinois state court was not

5

required to, and will not, enter a confirmation of sale, and thus the judgment of foreclosure will not become a final, appealable judgment on the merits. Indeed, SBA alleges that "the United States has filed a motion to voluntarily dismiss its counterclaim, which it has an automatic right to do." (Dkt. No. 12–6; Pl.'s Resp. at 7–8 (citing 735 ILCS § 5/2–1009).) Neither the judgment of foreclosure nor the order approving the private sale "dispose[d] of all issues between the parties and . . . terminate[d] the litigation." *EMC Mortg. Corp.*, 2012 IL 113419 ¶ 11, 982 N.E.2d at 154. Because there was no "final judgment on the merits," as required by Illinois law, the SBA's action is not barred by the doctrine of collateral estoppel, and we deny Patel's motion to dismiss on that basis. *Gumma*, 833 N.E.2d at 843, 216 Ill. 2d at 28.

II. **Judicial Estoppel**

Patel also argues that the doctrine of judicial estoppel bars the SBA from bringing this action. Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S. Ct. 1808, 1814 (2001) (internal quotation marks omitted) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8, 120 S. Ct. 2143, 2153 n.8 (2000)). Judicial estoppel further "aims to prevent a party that prevails in one lawsuit on one ground from repudiating that same ground in another lawsuit." *Jarrard v. CDI Telecomm., Inc.*, 408 F.3d 905, 914 (7th Cir. 2005). In determining whether judicial estoppel applies, we first consider whether the party's position is "clearly inconsistent with a position earlier taken." *Id.* (citing *New Hampshire*, 532 U.S. at 750, 121 S. Ct at 1815). Second, we consider whether the party "prevailed on the basis of its earlier position 'so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled.'" *Id.* at 915 (quoting *New Hampshire*, 532 U.S. at 750,

6

121 S. Ct at 1815). Third, we consider "whether the party asserting the inconsistent position 'would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'" *Id.* (quoting *New Hampshire*, 532 U.S. at 751, 121 S. Ct at 1815). Finally, we consider "whether the operative facts remain the same in both cases." *Id.* (citing *Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 527 (7th Cir. 1999)).

Patel argues that SBA "cannot seek relief beyond the funds held in the escrow" from American Chartered Bank's election to proceed with a private sale of the property in the Illinois state court foreclosure action, because the SBA "was in a second position and did not object to the sale" in that case. (Def.'s Mtn. ¶ 17.) Patel also argues that an email exchange between the SBA and American Chartered Bank relating to the private sale of the property "reflects an agreement to allow the Patel sale closing to go forward if funds were held in escrow," (*id.*), and so the SBA "cannot agree to look to the fund [in escrow] in one case" and then pursue foreclosure of Patel's real estate in this case, (*id.* ¶ 19).

The SBA argues that "there is no final order by which [it] prevailed" in the Illinois state court case, because "the Property was ultimately sold in a private sale, mooting the need for a judicial foreclosure of the SBA's lien against D&R Real Estate Holdings." (Def.'s Resp. at 5.) The SBA further denies having an agreement with American Chartered Bank concerning the private sale of the property in the Illinois state court case. (*Id.* at 6.) Regardless, it argues that "the United States' position regarding the priority of SBA's lien on the Property is consistent in both cases." (*Id.* at 5.) That is, the SBA "asserted that it holds a consensual lien in both cases," and the "fact that [American Chartered Bank] released its lien on the Property, which moved SBA's lien into a first priority position does not create 'shenanigans' judicial estoppel is intended to prevent." (*Id.*)

7

First, it is unclear whether the SBA is in fact adopting a position in this case that is clearly inconsistent with its position in the Illinois state court foreclosure case. *Jarrard*, 408 F.3d at 914 (citing *New Hampshire*, 532 U.S. at 750, 121 S. Ct at 1815). Patel asks us to take judicial notice of an email exchange between the SBA and American Chartered Bank regarding whether the SBA would consent to a private sale of the property in the previous case, and then accept whatever payment remained after American Chartered Bank's first priority lien and qualifying expenses were satisfied. (Def.'s Reply at 2; *see* Def.'s Mtn. ¶¶ 17–19.) However, as the SBA argues, we may take judicial notice of that email exchange to establish that it was in fact filed as an exhibit in the state court case, but not for "the truth of the matter asserted." *Sledge v. Bellwood Sch. Dist. 88*, No. 09 CV 4186, 2012 WL 1579920, at *4 (N.D. Ill. April 20, 2010) (citation omitted); *see Opoka v. I.N.S.*, 94 F.3d 392, 395 (7th Cir. 1996) (citing *Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) ("A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" (citation omitted)). We may not infer from the fact that the email exchange was filed as an exhibit in the Illinois state foreclosure case that the SBA intended to release its lien against the property altogether, and certainly not that it represented that position to the court.

Patel also argues we should infer that "the SBA had in fact agreed previously to [the] escrow process," (Def.'s Reply at 2), because it states it "is no longer willing to release its lien on the Property for anything less than payment in full of its outstanding loan balance," (Pl.'s Resp. at 6). While we may consider the "facts alleged in opposition to a motion to dismiss," *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997), we must also "draw[] all possible inferences in [the SBA's] favor," *Cole*, 634 F.3d at 903 (citation omitted). The SBA alleges in

8

its opposition to Patel's motion to dismiss that it "never had an agreement related to the private sale" with American Chartered Bank in the Illinois state case. (Pl.'s Resp. at 6.) Further, for the purpose of determining whether the doctrine of judicial estoppel should bar the SBA from arguing that it now has a first priority lien on the property, the relevant inquiry is whether the SBA represented to the court that it intended to release its lien in conjunction with the private sale of the property. We refuse to infer from the SBA's statement that it is "no longer willing to release its lien on the Property" that it previously advocated a contrary position to the Illinois state court. Thus, even if the SBA's position in this action is contrary in fact to the position it took in the Illinois state case, we determine that it did not "prevail[] on the basis of its earlier position 'so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled.'" *Jarrard*, 408 F.3d at 915 (quoting *New Hampshire*, 532 U.S. at 750, 121 S. Ct at 1815). The SBA's action is not barred by the doctrine of judicial estoppel, and we deny Patel's motion to dismiss on that basis.

### III. *Colorado River* Abstention

Patel also moves to dismiss the SBA's claim pursuant to Rule 12(b)(1), arguing we should "abstain from exercising jurisdiction under the *Colorado River* doctrine." (Def.'s Mtn. ¶ 9.) The Seventh Circuit has stated several times that "a stay, not dismissal, is the appropriate mechanism for a district court to employ in deferring to a parallel state court proceeding." *Selmon v. Portsmouth Drive Condominium Ass'n*, 89 F.3d 406, 409–10 (7th Cir. 1996) (collecting cases). Patel nevertheless argues that "the Cook County court is ready to adjudicate the disposition of the fund . . . on November 17, 2016, and thus dismissal is appropriate." (Def.'s Mtn. ¶ 14.) Patel asks, in the alternative, that we stay this proceeding pending the resolution of the Illinois state court proceedings. (*Id.* ¶ 9.)

9

We first consider whether this foreclosure action and the Illinois state foreclosure action are actually parallel. *Tyrer*, 456 F.3d at 751 (quoting *Clark*, 376 F.3d at 685). Suits are generally considered parallel "when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Id.* at 752 (internal quotation marks omitted) (quoting *Interstate Material Corp. v. City of Chi.*, 847 F.2d 1285, 1288 (7th Cir. 1988)). "Among other things, to determine whether two suits are parallel, a district court should examine whether the suits involve the same parties, arise out of the same facts and raise similar factual and legal issues." *Id.* If the suits are parallel, "there should be a 'substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'" *Clark*, 376 F.3d at 686 (quoting *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 695 (7th Cir. 1985).

The SBA's present foreclosure action and the related Illinois state court foreclosure case are not parallel, because the state litigation will not dispose of all of the claims presented in this action. Patel argues that the state litigation will dispose of all of the claims in this action by resolution of the currently pending motion to determine disbursement of the funds from the private sale of the property. (Dkt. No. 12, Ex. 5 at Pg. ID#: 148–55.) However, the state court's determination of how to properly disburse the funds from the final sale between the SBA and American Chartered Bank will not determine whether the SBA may pursue a foreclosure action for the remaining sum it alleges will be owed on its loan to D&R, which was secured by the mortgage on the property. (Pl.'s Resp. at 7.) As we observe above, the judgment of foreclosure in the Illinois state court proceedings was not a final adjudication on the merits without the court entering a confirmation of sale, and will not become a final judgment given the intervening private sale of the property to Patel. Furthermore, the SBA alleges that it has filed a motion pursuant to 735 ILCS § 5/2–1009 to voluntarily dismiss its counterclaim seeking foreclosure of

its junior mortgage, thus ensuring the state court litigation will not dispose of the SBA's foreclosure claim. (Dkt. No. 12–6.) Given these facts and our directive to decline to abstain "[i]f there is any doubt that cases are parallel," we deny Patel's motion to dismiss or stay pursuant to the *Colorado River* abstention doctrine. *Huon*, 657 F.3d at 646.

## CONCLUSION

For the foregoing reasons, we deny Patel's motion to dismiss or, in the alternative, to stay this action. It is so ordered.

                                                                                                      _____
Marvin E. Aspen
United States District Judge

Dated: December 20, 2016
       Chicago, Illinois

11